U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANCE BLACKMON
    Plaintiff,

v.

PO LEO RHODES, AND
PO JOHN DOE, and
CITY OF DETROIT, Jointly and Severally,

CASE NO. :

HON.

_____/

BRANDON MCNEAL (P81300)
KHAMO LAW
Attorney for Plaintiff
1120 E. Long Lake Road, Suite 250
Troy, MI 48085
248-466-0606 / 248-466-0605 Fax
brandon@khamolaw.com

_____/

## COMPLAINT

There is no other pending or resolved cases between these parties or other parties arising from the transaction or occurrence alleged in the complaint.

/s/ Brandon K. McNeal
Brandon K. McNeal (P81300)

**NOW COMES** Plaintiff, by and through his attorneys, and for his Complaint against the Defendants states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. At all pertinent times, Lance Blackmon [hereafter Plaintiff] was a resident of Wayne County, and a citizen of the State of Michigan.

2. PO Leo Rhoades and PO John Doe [hereafter Individual Defendants] were citizens of the State of Michigan, and at all pertinent times worked and were employed by the City of Detroit in Wayne County, Michigan.

3. Individual Defendants were at all pertinent times employed by the City of Detroit and were, at all times pertinent, acting under color of state law.

4. City of Detroit is a municipal corporation organized and existing under the constitution and laws of the State of Michigan.

5. Plaintiff brings this action under the laws of the State of Michigan, the United States Constitution, and 42 U.S.C. §1983.

6. Venue is appropriate because the events giving rise to this action occurred entirely in Wayne County, Michigan.

7. The amount in controversy exceeds in this action exceeds Seventy-Five Thousand Dollars ($75,000) and is otherwise within this Court's subject matter jurisdiction.

## FACTUAL ALLEGATIONS

8. On or about September 24, 2023, Plaintiff was held at gunpoint by 3 unidentified women at a gas station in the city of Detroit, Michigan.

9. After the encounter, Plaintiff called 911 to report the incident.

10. While on the phone with 911, Plaintiff followed the 3 unidentified women to a different location in the City of Detroit so that the 3 unidentified women would not escape.

11. Individual Defendants along with other Detroit Police Officers eventually arrived at the scene and started conducting an investigation.

12. After the investigation, Individual Defendants falsely arrested and seized Plaintiff and searched his vehicle.

13. Plaintiff spent approximately 2 days in jail and all charges were eventually dismissed.

14. Plaintiff's Constitutional rights not to be wrongfully seized, arrested, imprisoned, and maliciously prosecuted were clearly established.

15. Based upon their fabricated and false information, Individual Defendants brought criminal charges against Plaintiff.

16. Individual Defendants acted in bad faith in seizing, imprisoning, arresting, and prosecuting Plaintiff.

17. Except for the improper conduct, false information, and the fabrication of evidence by Individual Officers, no probable cause existed to charge Plaintiff with any crimes or search his vehicle.

18. The conduct of City of Detroit:

    a. Established or condoned customs, policies and/or practices pursuant to which Individual Officers violated Plaintiff's well-established Constitutional rights;

    b. Failed to properly train, discipline and/or supervise Individual Officers or their supervisors such that they violated Plaintiff's well-established Constitutional rights;

    c. Denied Plaintiff fair treatment during the investigation; and

    d. Ratified, condoned, and/or permitted the conduct of Individual Defendants;

19. The conduct of the Individual Defendants:

    a. Fabricated evidence to create probable cause against Plaintiff in violation of his 4th Amendment rights;

    b. Wrongfully handcuffed and arrested Plaintiff in violation of his 4th Amendment rights ;

    c. Caused and maintained a false arrest and false imprisonment;

    d. Made Plaintiff's condition worse after taking them into their custody and control;

    e. Intentionally caused serious emotional distress;

20. As a direct and proximate result of Defendants' conduct, Plaintiff suffered injuries and damages including, but not limited to:

    a. Economic damages, past and future;

  b. Pain and suffering, physical injury;

  c. Loss of society and companionship;

  d. Fear, anxiety, humiliation, and shame;

  e. Serious emotional distress; and

  f. Cost of past and future medical.

## COUNT I
## 42 U.S.C. 1983 & 1985 AGAINST INDIVIDUAL DEFENDANTS

21. Plaintiff hereby re-alleges and incorporate herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

22. The Individual Defendants' actions were done in their individual capacities, and under color of state law.

23. The Individual Defendants' actions violated clearly established rights of the Plaintiff including, but not limited to:

  a. The right to be free from wrongful arrest and wrongful imprisonment (4th and 14th Amendment);

  b. The right to be free from malicious prosecution (4th and 14th Amendment);

24. As a direct and proximate result of the Individual Defendants' actions, Plaintiff suffered injury and damages including but not limited to those set forth in paragraph 20.

**WHEREFORE**, Plaintiff claims judgment against Individual Defendants in the amount more than Seventy-Five Thousand Dollars ($75,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages allowable by law.

## COUNT II
## MUNICIPAL LIABILITY AGAINST DEFENDANT
## CITY OF DETROIT

## **UNDER 42 USC 1983**

25. Plaintiff hereby re-alleges and incorporate herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

26. At all times herein, Defendant City of Detroit, with deliberate indifference to the constitutional rights of the Plaintiff and other similarly situated individuals, established, promulgated, implemented, and maintained the following customs, policies, or practices that were a proximate cause and a moving force in violations of the Plaintiff's rights under the United States Constitution:

    a. Failing to adequately train, supervise, and/or discipline law enforcement officers and supervisors with regard to the appropriate and necessary bases for use of force, arrest and prosecution;

    b. Hiring and/or retaining as law enforcement officers and supervisors certain persons whom the Defendant City of Detroit knew or had actual notice of making arrests without probable cause and searching vehicles without probable cause;

    c. Routinely pursuing and continuing prosecutions when it was known they lacked probable cause;

    d. Routinely concealing, covering up, and hiding evidence of wrongdoing by law enforcement officers employed by the Defendant City of Detroit;

27. Each of the customs, policies, or practices was known to Defendant City of Detroit as highly likely and probable to cause violations of the United States constitutional rights of Plaintiff and other individuals subject to continued prosecution without probable cause, and each was a moving force in the violations of the Plaintiff's United States constitutional rights, as set forth herein.

28. As a direct and proximate result of Defendants' actions, Plaintiff suffered injury and damages including those set forth in paragraph 20.

**WHEREFORE**, Plaintiff claims judgment against Defendant City of Detroit in the amount more than Seventy-Five Thousand Dollars ($75,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages allowable by law.

## COUNT III
## LIABILITY UNDER STATE LAW

29. Plaintiff hereby re-alleges and incorporates herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

30. Individual Defendants were at all times relevant hereto performing ministerial-operational duties which did not involve significant decision-making, personal deliberation or judgment.

31. The minor decision making involved in Individual Defendants' actions at all times relevant hereto were merely incidental to the execution of said Individual Defendants' ministerial-operational duties.

32. At all times relevant hereto, Plaintiff had the right under statutes, common law, rules, regulations and/or ordinances of the State of Michigan, to be free from the reckless, knowingly and/or intentionally tortious, willful, wanton, reckless and/or grossly negligent execution of ministerial-operational duties contrary to Michigan law and Michigan Constitution, by Individual Defendants.

33. At all times relevant hereto, Individual Defendants failed, notwithstanding their standard duty of due care to execute their said ministerial-operational duties in good faith, without negligence, recklessness, willfulness, wantonness, gross negligence and/or knowingly and/or intentional tortuous conduct, in a manner consistent with Michigan law, as follows, but not limited hereto:

    a.    To act in good faith, while arresting Plaintiff based on knowingly, recklessly and/or grossly negligently false information;

    b.    To act in good faith, while prosecuting Plaintiff based on knowingly, recklessly and/or grossly negligently false information;

    c.    To act in good faith, while arresting and handcuffing Plaintiff

    d.    To comply with all applicable statutes, laws, rules, regulations and/or ordinances, including but not limited to the Michigan laws.

34. Notwithstanding these duties, Individual Defendants, knowingly and intentionally while acting under color of law, violated, breached and/or failed to fulfill their ministerial duties to Plaintiff in a manner violative of Michigan law, Federal law and the United States Constitution, by acting in bad faith and engaging in <u>ultra vires</u> conduct.

35. Notwithstanding these duties, Individual Defendants knowingly failed to fulfill their ministerial duties while on duty and acting during their employment and/or authority, under color of law and pursuant to customs, policies and/or practices, falsely arrested, imprisoned and prosecuted Plaintiff, in bad faith.

36. Notwithstanding these duties Individual Defendants deliberately, recklessly, willfully, wantonly, knowingly and/or intentionally violated, breached and failed to fulfill their ministerial duties to Plaintiff, in bad faith, and in violation of the Michigan laws, including, but not limited to, the following:

    a.    By wrongfully arresting, imprisoning, and prosecuting Plaintiff without probable cause, based on knowingly, recklessly and/or grossly negligently false information provided by Individual Defendants.

    b.    By exerting excessive force when arresting and handcuffing Plaintiff, based on knowingly recklessly and/or grossly negligently false information provided by Individual Officers.

37. As a direct and a proximate result of Individual Defendants' aforesaid reckless, willful, wanton, and knowingly and intentionally tortious violations of the aforesaid ministerial duties, in bad faith and violation of the Michigan laws, Plaintiff was injured.

38. As a direct and a proximate result of Individual Defendants' aforesaid reckless, willful, wanton, and knowingly and intentionally tortious violations of the aforesaid ministerial duties, all done in bad faith, Plaintiff suffered and continues to suffer serious and permanent personal injuries, including physical and mental pain, mental anguish, severe emotional distress, shock, fright, humiliation, degradation, embarrassment, loss of enjoyment of life, medical complications and a lesser leaning, liking and ability towards previous home, family, social, recreational and personal activities, all past, present and future, and any other damages listed in paragraph 20.

**WHEREFORE**, Plaintiff claims judgment against Individual Defendants in the amount more than Seventy-Five Thousand Dollars ($75,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages allowable by law.

## COUNT IV
## GROSS NEGLIGENCE UNDER STATE LAW AGAINST INDIVIDUAL DEFENDANTS

39. Individual Defendants owed Plaintiff a duty of care, including but not limited to a:

    a. Duty to properly supervise other officers;

    b. Duty to provide protection for Plaintiff when he was in a helpless condition;

    c. Duty not to make Plaintiff's condition worse after taking him into their custody and control;
    d. Duty to properly assure the safety of Plaintiff when he was in their care;

    e. Duty to exercise reasonable care to perform an undertaking, after they undertook to render services to Plaintiff which they should have recognized as necessary for the protection of Plaintiff's person, and failed and, their failure to exercise such care increased the risk of such harm. Rest.2nd Torts § 323, §324A;

42. The actions of the Individual Defendants wantonly and recklessly, in gross negligence, violated the duties to Plaintiff and disregarded Plaintiff's rights.

43. The Individual Defendants' actions in acting with gross negligence and denying Plaintiff's rights caused loss of rights and injury to the Plaintiff.

44. The Individual Defendants' actions were in wanton, reckless and callous disregard to Plaintiff's rights and to the injury to Plaintiff and were grossly negligent.

45. Under MCL 691.1407, citizens may maintain an action in tort against police officers whose actions constitute gross negligence and state granted immunity does not bar such a claim even when the officer is acting within the scope of his authority.

46. As a direct and proximate result of the Defendants' actions, Plaintiff suffered injury and damages including, but not limited to, those set forth in paragraph 20.

**WHEREFORE**, the Plaintiff claims judgment against Individual Defendants in the amount in excess of Seventy-Five Thousand Dollars ($75,000) which is fair and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages.

### COUNT V
### FALSE ARREST AND FALSE IMPRISONMENT AGAINST INDIVIDUAL DEFENDANTS

47. Plaintiff hereby re-alleges and incorporate herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

48. Individual Defendants caused and/or effected the wrongful seizure, arrest and imprisonment of Plaintiff without probable cause.

49. In full view of members of the community, Individual Defendants removed Plaintiff from their vehicle and placed him in the backseat of a police vehicle, all the while verbally accusing Plaintiff of the commission of a crime.

50. Individual Defendants physically restrained Plaintiff and deprived him of his personal liberty and freedom of movement for a significant period of time.

51. Plaintiff was conscious of his confinement at all times relevant hereto.

52. The imprisonment, arrest and restraint were against Plaintiff's will.

53. Defendants accomplished the imprisonment and restraint by actual physical force, and the deprivation of Plaintiff's liberty and freedom was intentional, unlawful, unprivileged, and without probable cause.

54. In addition to the initial restraint and deprivation of personal liberty and freedom of movement being unreasonable, the continued detention and investigation were unreasonable.

55. As a direct and proximate result of the Individual Defendants' actions, Plaintiff suffered injury and damages including those set forth in paragraph 20.

**WHEREFORE**, the Plaintiff claims judgment against Individual Defendants in the amount in excess of Seventy-Five Thousand Dollars ($75,000) which is fair and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages.

Respectfully Submitted,

/s/ Brandon K. McNeal
Brandon K. McNeal (P81300)
Attorney for Plaintiff
1120 E. Long Lake Rd., Suite 250
Troy, MI 48085
Dated: August 29, 2025            (248) 466-0606 / (248) 466-0605

## JURY DEMAND

**NOW COMES** the Plaintiff and demands trial of his cause by jury.

                                            Respectfully Submitted,

                                            /s/ Brandon K. McNeal
                                            Brandon K. McNeal (P81300)
                                            Attorney for Plaintiff
                                            1120 E. Long Lake Rd., Suite 250
                                            Troy, MI 48085
Dated: August 29, 2025               (248) 466-0606 / (248) 466-0605