**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Lance Blackmon,

  Plaintiff,

v.

Leo Rhodes et al.,

  Defendants.

_____/

Case No. 25-12728
Hon. Jonathan J.C. Grey

## OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS (ECF No. 4)

## I.  INTRODUCTION

On August 29, 2025, Plaintiff Lance Blackmon filed a complaint against Defendants Detroit Police Officers Leo Rhodes and John Doe and the City of Detroit, alleging civil rights claims under 42 U.S.C. § 1983 and various state claims arising from his September 24, 2023 arrest after he called the police for help. (ECF No. 1.) On October 31, 2025, the City of Detroit and Officer Rhodes (collectively, "defendants") filed a partial motion to dismiss in lieu of an answer. (ECF No. 4). The motion is fully

briefed—Blackmon filed a response to which defendants did not reply.[1] (ECF No. 7.) For the following reasons, the motion is **DENIED.**

## II.   BACKGROUND

Blackmon alleges that, on September 24, 2023, he was held at gunpoint by three women at a gas station in Detroit, Michigan. (ECF No. 1, PageID.2.) Immediately after the incident, Blackmon called 911. (*Id.*) While on the phone with the 911 operator, Blackmon followed the women, attempting to prevent their escape. (*Id.*) Rhodes and Doe arrived at the scene and completed an investigation, but they ultimately arrested Blackmon. (*Id.*) This arrest resulted in Blackmon's two-day incarceration for charges that were eventually dismissed. (*Id.*)

## III.   LEGAL STANDARD

Under Federal Rule of Civil 12(b)(6), a pleading fails to state a claim if its allegations do not support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the Court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *See*

---

[1] The Court finds that oral argument will not aid in its disposition of the motion; therefore, it dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

*Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The plaintiff need not provide "detailed factual allegations" but must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] formulaic recitation of the elements of a cause of action will not do.").

Although the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," the court need not accept legal conclusions as true. *Iqbal*, 556 U.S. at 678–679 (citation and internal quotation marks omitted). The complaint is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citation omitted); *see also 16630 Southfield Ltd. v. Flagstar Bank*, F.S.B., 727 F.3d 502, 504 (6th Cir. 2013) (citations omitted) ("The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct.").

## IV.  ANALYSIS

### A.  Malicious Prosecution Claims, Counts I and III

Defendants argue for dismissal of Blackmon's state and federal

3

malicious prosecution claims, Counts I and II, asserting that Blackmon failed to establish the favorable termination prong required by both claims. The Court is unpersuaded.

A federal malicious prosecution claim requires that the underlying criminal proceeding be "resolved in the plaintiff's favor." *Sykes v. Anderson*, 625 F.3d 294, 309 (6th Cir. 2010) (citation omitted). Similarly, malicious prosecution under Michigan state law requires a showing that "the criminal proceedings terminated in [the plaintiff's] favor." *Matthews v. Blue Cross & Blue Shield of Michigan*, 456 Mich. 365, 378 (1998) (citations omitted).

Referencing the 36th District Court Register of Actions, defendants assert the criminal charges brought against Blackmon were dismissed *without prejudice*, which, they submit, is insufficient to satisfy the "favorable termination" element required in malicious prosecution claims. (ECF No. 4, PageID.27.)

As Blackmon correctly points out, the Supreme Court recently held that a claim for malicious prosecution "does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence" rather, a "plaintiff need *only* show that the

criminal prosecution ended *without a conviction.*" *Thompson v. Clark*, 596 U.S. 36, 49 (2022) (emphasis added). Here, the complaint alleges that "[Blackmon] spent approximately 2 days in jail and all charges were eventually dismissed." (ECF No. 1, PageID.2.) In light of *Thompson*, the key inquiry is whether the prosecution ended *without a conviction. See Frazier v. City of Detroit*, No. 21-11193, 2022 WL 1978736, at \*7 (E.D. Mich. June 6, 2022). Blackmon was never convicted, thus the complaint's allegations are sufficient.

A dismissal with or without prejudice does not change the Court's analysis. In addition to defendants' omission of *Thompson*, all the authority provided by defendants was published prior to *Thompson*, and thus, offers little value. *See e.g. Mobley v. City of Detroit*, 938 F. Supp. 2d 669, 687 (E.D. Mich. 2012); *Thornton v. City of Columbus*, 171 F. Supp. 3d 702, 710 (S.D. Ohio 2016). Moreover, following the precedent set by *Thompson*, the Sixth Circuit has held that a dismissal without prejudice satisfies the favorable termination element. *See Brown v. Louisville-Jefferson Cty. Metro Gov't*, 135 F.4th 1022, 1026–1028, 1031 (6th Cir. 2025). In fact, even pre-*Thompson*, the Sixth Circuit recognized that dismissals without prejudice could constitute favorable terminations.

*Jones v. Clark Cnty.*, 959 F.3d 748, 765 (6th Cir. 2020) ("Categorically construing the favorable termination requirement to exclude plaintiffs whose cases were dismissed without prejudice would undermine the ability of malicious prosecution claims to hold officials accountable for baseless legal proceedings simply because those proceedings ended prior to a verdict."), *abrogated on other grounds by Thompson*, 596 U.S. at 36. Accordingly, defendants' motion to dismiss Counts I and III is **DENIED.**

### B. Conspiracy Claim, Count I

The Court notes defendants' argument that, to the extent Count I asserts a conspiracy claim pursuant to 42 USC §§ 1983 or 1985, it should be dismissed for failure to state a claim. (ECF No. 4, PageID.24–26.) In response, "[Blackmon] concedes that Count I does not allege a conspiracy claim." (ECF No. 7, PageID.46.) In light of Blackmon's concession, defendants' request is **DENIED AS MOOT**.

### C. Gross Negligence State Law Claim, Count IV

Defendants argue that Blackmon's gross negligence claim warrants dismissal because it is not a cognizable, independent cause of action from his state intentional tort claim. The Court disagrees.

Michigan "has rejected attempts to transform claims involving

6

elements of intentional torts into claims of gross negligence." *Miller v. Sanilac Cnty.*, 606 F.3d 240, 254 (6th Cir. 2010) (quoting *VanVorous v. Burmeister*, 262 Mich. App. 467, 483 (2004)). However, "plaintiffs are barred from bringing gross-negligence claims *only if* those claims are 'fully premised' on alleged intentional torts." *Richards v. City of Jackson, Michigan*, 788 F. App'x 324, 336–337 (6th Cir. 2019) (citations omitted; emphasis added). The Sixth Circuit "has sustained gross-negligence claims premised on allegations that officers were 'grossly negligent in failing to follow certain procedures and statutory obligations' *or* where the plaintiff can otherwise 'show that the defendant owed him a duty of care.'" *Id.* (citations omitted; emphasis added). Thus, an allegation of gross negligence can be based on the same incident as an intentional tort and pleaded as an alternative basis *if* the claim is not "fully premised" on the intentional tort. *Id.*

Defendants dedicate the following single, conclusory sentence analyzing Blackmon's gross negligence claim: "In this case, because [Blackmon's] Gross Negligence and Constitutional Tort claims are based on the underlying facts, the Gross Negligence claim cannot survive." (ECF No. 4, PageID.30.) In response, Blackmond correctly asserts that

7

his "allegations include distinct negligent omissions (failure to supervise, failure to protect a person who called 911 for help, making his condition worse after custody) that go beyond pure intentional misconduct." (ECF No. 7, PageID.47.) Notably, defendants do not rebut these distinctions. With minimal argument from the defendants and viewing the complaint in the light most favorable to Blackmon, the Court finds that the complaint's gross negligence claim is not fully premised on his intentional tort claims and thus **DENIES** the motion to dismiss Count IV.

### D.    False Arrest and False Imprisonment Claim Against Individual Defendants, Count V

Finally, defendants submit that Count V is "wholly redundant" of certain claims alleged in Count III[2] and "therefore warrants dismissal." (ECF No. 4, PageID.32.) Defendants cite Federal Rule of Civil Procedure 12(f) as their authority.[3]

---

[2] Defendants also assert that, to the extent Count V pleads federal claims, it could be duplicative of Count I. In response, Blackmon clarifies that Count V only asserts state claims. Thus, the Court focuses its analysis on Counts III and V.

[3] The Court notes that Rule 12(f) provides for the striking of "any redundant" matter, while Rule 12(b)(6) provides for the dismissal of claims for failure to state a claim upon which relief can be granted. "[T]he simple fact that some of the plaintiff's **claims** are **redundant** does not mean that their **dismissal** is **required** under Rule 12(b)(6)." *Doe No. 1 v. Springboro Cmty. City Sch. Dist. Bd. of Educ.,* No. 1:19-CV-785, 2021 WL 1516157, at *3 (S.D. Ohio Apr. 15, 2021) (emphasis in original). That is, "motions to dismiss pursuant to Rule 12(b)(6) test the validity of the complaint.

Rule 12(f) permits courts to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are generally disfavored, however, and should be used sparingly and only in cases where the material at issue has 'no possible relation to the controversy.'" *Tennial v. United Parcel Serv., Inc.*, No. 13-2277-JTF/TMP, 2014 WL 12656917, at *1 (W.D. Tenn. June 26, 2014) (quoting *Anderson v. United States*, 39 F. App'x. 132, 135 (6th Cir. 2002)).

Defendants highlight extremely similar paragraphs in Counts III and V to support their redundancy argument. Count III asserts that defendants "wrongfully arrest[ed], imprison[ed], and prosecut[ed] [Blackmon] without probable cause." (ECF No. 1, PageID.7.) Count V asserts that the "[i]ndividual [d]efendants caused and/or effected the wrongful seizure, arrest and imprisonment of [Blackmon] without probable cause" (*Id.*, PageID.9). In response, Blackmon contends that Count V is not wholly duplicative of Count III because Count III alleges

---

[And a] claim that is redundant is not necessarily invalid." *Conner v. Borough of Eddystone, Penn.*, No. 2:14-CV-6934, 2015 WL 1021363, at *2 (E.D. Pa. Mar. 6, 2015) (quoting *Crighton v. Schuylkill Cnty.,* 882 F. Supp. 411, 415 (E.D. Pa.1995)).

"broader state-law liability including excessive force," while Count V alleges "a distinct state-law tort claim for false arrest and false imprisonment against the individual defendants, incorporating all factual allegations and detailing the physical restraint, lack of probable cause, and resulting damages." (ECF No. 7, PageID.48.)

The Court agrees with Blackmon. Count III does allege more than false arrest and imprisonment, specifically it alleges excessive force. Thus, it is not wholly duplicative of Count V. Further, a "party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." *Dill v. Twin Rivers Operating Co., LLC*, No. 4:23-CV-00012-JHM, 2023 WL 3778710, at *2 (W.D. Ky. May 1, 2023) (quoting Fed. R. Civ. P. 8(d)(2)). Finally, a "plaintiff may plead two alternative causes of action even if it is legally impossible to recover for both." *Id.* (citing *Zarick v. DocVerify, Inc.*, No. 3:21-cv-97-DJH, 2023 WL 2469901, at *4 n.4 (W.D. Ky. March 10, 2023)). Accordingly, the Court **DENIES** defendants' motion to dismiss Count V.

10

## V.   CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that

defendants' motion to dismiss (ECF No. 4) is **DENIED.**

**SO ORDERED**.

**s/Jonathan J.C. Grey**
JONATHAN J.C. GREY
United States District Judge

DATE: July 22, 2026

### Certificate of Service

The undersigned certifies that the foregoing document was served upon
counsel of record and any unrepresented parties via the Court's ECF
System to their respective email or First-Class U.S. mail addresses
disclosed on the Notice of Electronic Filing on July 22, 2026.

**s/ S. Osorio**
Sandra Osorio
Case Manager

11